UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SHAWN ERNST                                                                                    PETITIONER

v.                                                              CIVIL ACTION NO. 5:15CV-P71-TBR

JUSTICE COOPER                                                                              RESPONDENT

### MEMORANDUM OPINION

      Before the Court is Petitioner Shawn Ernst's *pro se* petition for a declaration of rights (Petition) brought pursuant to 28 U.S.C. § 2201(a) (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

      Ernst was convicted of murder and kidnapping in the Boone Circuit Court. He appealed his conviction, and on April 21, 2005, the Kentucky Supreme Court affirmed his conviction. Ernst admits that he caused the victims "death . . . by strangulation," but he challenges the kidnapping charge. He believes that if he is cleared of the "false kidnapping . . . [he] will be Retried for murder and Tampering with Physical Evidence." He makes various arguments in the present Petition as to why the Kentucky Supreme Court wrongly affirmed his state-court conviction. Ernst further states that he has "a 60.02 pending before the Court of Appeals with these issues and [he] also [has] a writ of Habeas Corpus pending in Lyon County Circuit Court with these issues and [he] just filed a 60.03." Ernst believes that a "Declaratory Judgment from this Court will resolve all [his] problems with these courts who keep denying [his] appeals based on the fact the Kentucky Supreme Court Affirmed these convictions in 2005 . . . ." Ernst

requests this Court to "Order the Kentucky Supreme Court to reconsider their prior opinion . . . ." He further requests this Court to "grant him declaratory relief by ruling the Kentucky Supreme Court violated his 14th Amendment right to equal protection of the laws."

Ernst brings this action pursuant to a portion of the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Title 28 United States Code § 2201(a) provides in part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act is procedural in nature and cannot serve as an independent basis for conferring subject matter jurisdiction. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction . . . ."). It enlarges the range of remedies available in federal courts, but it does not create or expand the scope of subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.") (quotation omitted); *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 575 (6th Cir. 2002) ("It is well-settled that the Declaratory Judgment Act cannot serve as an independent basis for federal subject matter jurisdiction."). A party may invoke the Declaratory Judgment Act only if the court already has jurisdiction. *See Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) ("[B]efore invoking the Act, the court must have jurisdiction already."). The only jurisdictional basis Ernst provides for this action is 28 U.S.C. § 2201(a) which fails to provide subject matter jurisdiction for this action.

Additionally, this Court is without jurisdiction to review the judgment of the Kentucky Supreme Court pursuant to the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *see also Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) ("The *Rooker-Feldman* doctrine maintains the jurisdictional distribution in the federal courts by insuring that the federal district courts exercise only original jurisdiction."); *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004) ("The *Rooker-Feldman* doctrine . . . bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court."). The doctrine divests federal district courts of subject matter jurisdiction in cases where they are called upon to review state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the district court lacks subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). In other words, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see also Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 297 (6th Cir. 2005) (explaining that federal district courts lack jurisdiction over challenges to state-court decisions).

Federal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257. With the exception of their power to issue writs of

habeas corpus, federal district courts are without power to review decisions rendered by state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S at 283 ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.").

Ernst seeks to have this Court review the Kentucky Supreme Court's decision affirming his conviction. "[D]eclaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus." *Palazzolo v. Korn*, No. 2:12-CV-11978, 2012 WL 1753015, at *2 (E.D. Mich. May 16, 2012) (citing *Ruip v. Commonwealth of Kentucky*, 400 F.2d 871, 872 (6th Cir. 1968)).

For the reasons stated herein, this Court will enter a separate Order denying the petition and dismissing this action.

Should Petitioner want to challenge his state-court conviction in federal court, he must file a 28 U.S.C. § 2254 petition for writ of habeas corpus after exhaustion of available state-court remedies.

Date:

cc: Petitioner, *pro se*
　　Respondent Cooper
　　Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.003